IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY ALLEN, *et al.*,  )
*On behalf of themselves and*  )
*all others similarly situated*,  )
  )
                Plaintiffs,  )
  )
v.  )   Case No. 11-1143-EFM
  )
MILL-TEL, INC.,  )
  )
                Defendant.  )

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion to Compel Discovery Responses and, in the Alternative, for Leave to Serve Additional Interrogatories (ECF No. 45). For the reasons stated below, the motion is granted in part and denied in part.

**I.    Procedural Conference Requirement**

The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the discovery dispute at issue before filing a motion to compel.[1] Defendant contends plaintiffs did not confer about a number of discovery requests at issue in the motion. The correspondence between the parties, attached as exhibits, shows plaintiffs did confer with defendant about the subject matter of all of the disputed discovery requests, even if plaintiffs may not have referenced some discovery requests by number. The court finds plaintiffs have substantially complied with the procedural conference requirements. Moreover, it does not appear additional attempts between the parties to resolve this discovery dispute would be productive at this time.

---

[1] *See* Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2.

## II. Background

Plaintiffs to this potential class action and collective action allege defendant Mill-Tel, Inc. failed to pay earned overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiffs also allege defendant wrongfully withheld or deducted earned wages in violation of the Kansas Wage Payment Act (KWPA), K.S.A. 44-313, *et seq.*[2]

The court previously directed that discovery leading up to certification motions should focus on certification issues or issues related to the named plaintiffs.[3] But the court declined to strictly prohibit any merits discovery during this period.[4] The discovery dispute before the court largely focuses on the scope of discovery—whether plaintiffs are entitled to discovery related to the proposed class and whether plaintiffs are entitled to merits discovery. Defendant responded in part to most of plaintiffs' discovery requests, subject to the objections. Plaintiffs have already filed their motion seeking conditional certification of an FLSA collective action. The only activity remaining in this phase is for plaintiffs to file their motion seeking Fed. R. Civ. P. 23 certification of their KWPA class.

## III. Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure or discovery, the opposing party may file a motion to compel. When a party files a

---

[2] Compl. at 3, ECF No. 1-1.

[3] *See* Scheduling Order at 3, ECF No. 12.

[4] *Id.*

motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[5] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[6] Similarly, the court will deem waived any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel.[7] If, however, the discovery requests are facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[8]

The bulk of the defendant's arguments about this discovery dispute concern relevance and the scope of discovery in the pre-certification stage of a potential Rule 23 class action and potential FLSA collective action—essentially, that the discovery plaintiffs seek is either not relevant, or that it is merits discovery that should not be allowed before the court has ruled on the certification motions. Notably, the court did not strictly limit pre-certification discovery to class issues. The scheduling order states that discovery should "focus on issues relating to the named plaintiffs and conditional and/or class certification of a putative class in this matter" but that "discovery is not strictly limited to these topics."[9]

There are two reasons for this. First, the distinctions between class discovery and merits

---

[5] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[6] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

[7] *Cardenas*, 230 F.R.D. 621.

[8] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

[9] *See* Scheduling Order at 3, ECF No. 12.

discovery are not always obvious or easily discernable.[10] Second, application of the Rule 23 criteria may require examination of the elements of the parties' substantive claims and defenses and whether they lend themselves to class-wide proof.[11] That said, discovery relevant only to the merits of a case may also delay the certification decision.[12] So, while the court did not prohibit merits discovery at this stage, the undersigned also intended—as the scheduling order states—for discovery to focus on certification issues.

Generally, pre-certification discovery should pertain to the requirements of Rule 23 or what is required for to conditionally certify an FLSA collective action.[13]  Whereas, merits discovery "pertains to the strengths or weaknesses of the claims or defenses and whether they are likely to succeed."[14] The majority of the discovery plaintiffs seek appears to be aimed at bolstering plaintiffs' theories of the case and underlying claims—merits discovery.  Plaintiffs make conclusory statements that they require this discovery to file their Rule 23 motion. Plaintiffs, however, fail to explain with any specificity how this information would tend to support or negate the prerequisites for class certification or how this information would lend further support to their pending motion for FLSA conditional certification. But defendant also

---

[10] *Manual for Complex Litigation* § 21.14

[11] *See Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 688 (D. Kan. 2009) (stating that the Tenth Circuit "has recognized that a decision on class certification is not always immune from consideration of issues that overlap with the merits of the cause of action.") (citing *Shook v. Bd. of Cnty. Comm'rs of El Paso (Shook II)*, 543 F.3d 597, 612 (10th Cir. 2008));  *Manual for Complex Litigation* § 21.14 (4th ed. 2004) ("Generally, application of the Rule 23 criteria requires the judge to examine the elements of the parties' substantive claims and defenses in order to analyze commonality, typicality, and adequacy of representation under Rule 23(a) as well as the satisfaction of Rule 23(b)'s maintainability requirements.").

[12] *Manual for Complex Litigation* § 21.14.

[13] *Id.*

[14] *Id.*

fails to support the bulk of its objections—oftentimes offering little more than conclusory statements that the discovery request is objectionable.

In the absence of more guidance from the parties, the court is inclined to allow what appears to be merits discovery when it is likely plaintiffs would be entitled to the information at some point and when the discovery request is not subject to a supported objection. Even if this case is not certified, the named plaintiffs' claims will remain, and those plaintiffs would be entitled to discovery regarding defendant's compensation policies and practices and the like—information tending to support or negate the claims or defenses. At this stage, however, the court is not inclined to allow broad discovery regarding the individual employees who may be members of FLSA or KWPA class when the plaintiffs have not explained how this discovery would bear on certification issues. If this case is not certified, it is doubtful the plaintiffs would be entitled to the scope and breadth of the information these requests seek. With this considerations in mind, the court turns to the discovery requests at issue, and defendant's objections.

### A. Putative Class Members' Identities and Related Documents

A number of plaintiffs' discovery requests seek information pertaining the putative class, including the identities of these individuals—specifically, Interrogatory Nos. 2, 4, and 13 and Request for Production Nos. 4, 10, 11, and 24. The parties devote a considerable portion of their briefs to discussing whether discovery of this information is appropriate before class certification. The court holds that the names and contact information for the putative class members are discoverable. But without a more specific explanation of the relevance of more detailed information about the individual putative class members, the court will not allow

broader discovery during this stage of litigation.

Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.[15] "There is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[16] Relevance, however, is often apparent on the face of the request.[17]  When it is not, the proponent of the discovery has the burden to show the relevance of the discovery sought.[18] If a discovery request seeks facially relevant information or if the proponent has demonstrated relevance, the party resisting discovery must establish the lack of relevance by demonstrating that the requested discovery either: (1) is outside the scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[19]

Plaintiffs' discovery requests regarding putative class members fall into two categories. Interrogatory Nos. 2 and 4 are aimed at gathering the names, contact information, and the location where individual members of the putative class worked. This district has previously allowed disclosure of this type of information before certification,[20] particularly when the burden

---

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[17] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[18] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20; *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

[19] *See id.* at *8 (citing *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004)).

[20] *See In re Bank of Am. Wage and Hour Emp't Practices Litig.*, 275 F.R.D. 534, 544 (D. Kan. 2011); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

imposed on the responding party is minimal or non-existent.[21] For example, this discovery may be relevant for defining the proposed class[22] or determining whether the named plaintiffs are similarly situated to members of the proposed class.[23] Although defendant mentions that this discovery poses an undue burden, defendant has not done what this district requires to support an undue burden objection.[24] Defendant also briefly notes that many of these individuals have already released their claims against the defendant through prior settlements. While this may be accurate, defendant fails to explain why it would be objectionable to produce this information on this ground. Moreover, this topic is the subject of a pending dispositive motion before the district judge.[25] In other words, the issue has not been decided in this case. And because of this, the undersigned will not limit production of information that appears to be readily available.

Defendant's other argument in opposition to this discovery is also unavailing. Defendant contends that under Fed. R. Civ. P. 26(a), it is only required to disclose the names of individuals who likely have discoverable information that the disclosing party may use to support its claims or defenses. Defendant is correct that Rule 26(a)(1) provides certain requirements for initial disclosures. But this provision does not limit the scope of discovery or prohibit the proponent of discovery from seeking additional information.[26] Just because defendant does not intend to rely

---

[21] *See In re Bank of Am.*, 275 F.R.D. at 542 (noting that the reasons for limiting pre-certification discovery are less compelling when responding to the discovery was not unduly burdensome).

[22] *Hammond*, 216 F.R.D. at 672.

[23] *In re Bank of Am.*, 275 F.R.D. at 359; *Hammond*, 216 F.R.D. at 672.

[24] *See Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 5103300, at *5 (D. Kan. Oct. 27, 2011) (explaining the requirements to support an undue burden objection).

[25] *See* Mot. to Preclude Pls. from Seeking Certification of Certain FLSA and KWPA Claims, ECF No. 26.

[26] *See* Fed. R. Civ. P. 26(b) (governing the scope of discovery).

on putative class members in support of its defenses does not mean that some information about putative class members is not discoverable.

  Defendant has not carried its burden to support its objections, and so they are overruled. The motion to compel is granted as to Interrogatory Nos. 2 and 4. In response to Interrogatory No. 2, defendant states it has already identified 503 individuals who were employed as installation technicians during the specified period. So, it appears the motion to compel is moot as to this interrogatory. Nevertheless, to the extent defendant has not fully responded it shall do so.

  The court finds the remainder of the discovery requests—as they pertain to putative class members—seek information that does not appear facially relevant at the pre-certification stage of the case. Therefore, plaintiffs bear the initial burden of establishing relevance. The discovery plaintiffs seek is broad. It includes information about deductions from individual putative class members' compensation, documents evidencing the number of hours these individuals worked, and agreements to permit deductions of the putative class members' compensation. Plaintiffs fail to explain precisely how this information may bear upon plaintiffs' forthcoming motion for Rule 23 class certification or how it would further support their pending motion seeking conditional certification of an FLSA collective action. The court finds plaintiffs have not met their burden to show relevance. Because of this, the motion to compel is denied in part as to Interrogatory No. 13 and Request for Production Nos. 4, 10,11, and 24—as they pertain to putative class members. To the extent it has not done so, defendant shall respond to these discovery requests as to the named plaintiffs. As discussed below, with respect to Interrogatory No. 13, defendant must also disclose information about its polices and practices, but it need not provide information that is

8

specific to individual members of the putative class.

### B.    Company-Wide Policies or Practices

Interrogatory Nos. 6, 7, 8, and 13 seek information about defendant's policies and practices regarding payroll matters. This information clearly pertains to the claims that defendant was engaged in unlawful payment practices. Because the court finds this information appears facially relevant, defendant bears the burden to show the discovery is outside the scope of relevance as defined by Rule 26(b) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[27]

Defendant makes no attempt to support any of its objections. Instead, defendant argues plaintiffs did not adequately confer about these discovery requests prior to filing their motion to compel, and states plaintiffs mischaracterized defendant's position regarding many of the interrogatories. The court finds defendant has not carried its burden to support its objections. They are overruled. That said, Interrogatory No. 13 seeks information about individual members of the putative class. As stated above, defendant need not provide this information at this time. Defendant, however, must provide any information that pertains to the named plaintiffs, including its policies and practices that may have governed both the named plaintiffs and putative class members. Likewise, Interrogatories Nos. 6, 7, and 8 could also be read as inquiring about individual putative class members. To avoid any confusion, the court directs defendant to limit its responses to its policies and practices with regard to installation technicians generally. It need not provide specific responses that pertain to individual class members.

### C.    Defendant's Contracts with Customer Cable TV Companies

---

[27] *See Presbyterian Manors*, 2010 WL 3880027, at *8 (citing *Gen. Elec. Capital Corp.*, 215 F.R.D. at 640).

Interrogatory No. 15 and Request for Production No. 23 are aimed at gathering information about defendant's relationships and contracts with the cable television customers its employees serviced. Plaintiffs state this information is relevant because of defendant's alleged custom, policy, or practice of deducting money from installation technicians' paychecks for failed "quality checks" the cable companies performed to ensure satisfaction with defendant's work. Plaintiffs additionally state this information will allow them to evaluate whether the cable companies are in possession of records that would show when installation technicians arrived and departed from service sites. The court finds this information appears facially relevant. Therefore, defendant bears the burden to show the discovery is outside the scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[28]

Defendant argues its contracts do not bear on the ultimate issue of whether plaintiffs were properly compensated or whether defendant had a company-wide policy regarding deductions. Defendant states the allegedly failed "quality checks" are only relevant to the extent they affected defendant's employment relationship with plaintiff. Yet, that is exactly plaintiffs' theory. Plaintiffs contend defendant passed along this "charge-back" to its employees in the form of unlawful payroll deductions. Defendant also states it has already provided information that should answer this question. Even so, this does not mean plaintiffs are not entitled to discover other relevant information. Defendant's objections are overruled, and the motion to compel is granted as to Interrogatory No. 15 and Request for Production No. 23.

### D. The Number of Interrogatories Served

---

[28] *See id.* (citing *Gen. Elec. Capital Corp.*, 215 F.R.D. at 640).

The scheduling order in this case provides that plaintiffs collectively may serve twenty-five interrogatories, including all discrete subparts.[29] Fed. R. Civ. P. 33, which governs interrogatories, does not define what constitutes a "discrete subpart" Nevertheless, this court applies the "common-theme" standard to determine whether a subpart to an interrogatory actually counts as a separate inquiry.[30] Under the common-theme standard, "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question while an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation."[31]

In response to Interrogatory Nos. 13 and 15, defendant initially objected on the ground that plaintiffs had exceeded their allowable number of interrogatories. In response to the motion to compel, however, defendant simply argues the court should not permit plaintiffs to serve additional interrogatories because plaintiffs have already exceeded their limit—in essence, that plaintiffs' request is moot. Defendant also takes issue with plaintiffs' interpretation of the common-theme standard. Yet, defendant fails to explain which subparts it believes are separate inquiries. Instead, in a footnote, defendant points the court to a letter it sent plaintiffs outlining defendant's position on the interrogatories.

The court is unclear whether defendant continues to rely upon its objection. For one, the arguments concerning the topic appear under the section of defendant's brief entitled, "The

---

[29] Scheduling Order at 4, ECF No. 12.

[30] *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011)

[31] *Id.* (internal quotations omitted) (quoting 8B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2168.1 (3d ed. 2010) at 39-40)).

Court should Deny Plaintiffs' Request for Additional Interrogatories."[32] And as the title suggests, the arguments pertain to plaintiffs' request for leave to serve additional interrogatories in the event the court sustained defendant's objection to the number of interrogatories served. To the extent defendant continues to rely on its objection that plaintiffs have exceeded their allowable number of interrogatories, the objection is overruled. When a party files a motion to compel that asks the court to overrule certain objections, the objecting party must clearly and specifically show how the discovery requests are objectionable.[33] Here, defendant has not clearly shown the discovery requests are objectionable because the court is not sure whether defendant continues to rely on the objection. And even if defendant does, the court finds that incorporating arguments set forth in correspondence to plaintiffs' counsel is insufficient to support the objection.[34] Plaintiffs' motion for leave to serve additional interrogatories is denied as moot because the court has not ruled that plaintiffs have exceeded their allotted number of interrogatories.

## IV. Conclusion

Plaintiff's motion to compel is granted as to Interrogatory Nos. 2, 4, and 15 and as to Request For Production Nos. 23. Plaintiffs' motion to compel is granted in part as to Interrogatories Nos. 6, 7, 8, and 13 and as to Request for Production Nos. 4, 10, 11, and 24. To the extent defendant has not already done so, it must respond to these discovery requests as to the named plaintiffs and as to defendant's policies and procedures that governed both the named

---

[32] Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel at 10, ECF No. 52.

[33] *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004) (explaining an objecting party's burden).

[34] *See, e.g. Pouncil*, 2011 WL 6181335, at *2-*4 (addressing a specific arguments about why each disputed interrogatory's subparts should be treated as separate interrogatories); *High Point v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4036424, at *4-*9 (D. Kan. Sept. 12, 2011) (same); *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2008 WL 1924945, at *4-*5 (D. Kan. Apr. 28, 2008) (same).

plaintiffs and members of the putative class. In light of this ruling, defendant may need to supplement its response to Request for Production No. 1, which seeks all documents identified and/or referenced in response to the first set interrogatories. The court finds the parties should bear their own costs incurred as a result of the briefing on this motion.[35]

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Compel Discovery Responses and, in the Alternative, for Leave to Serve Additional Interrogatories (ECF No. 45) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, defendant shall supplement its responses to the discovery requests as directed in this memorandum and order.

**IT IS SO ORDERED.**

Dated this 18 day of April, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[35] *See* Fed. R. Civ. P. 37(a)(5)(C) (stating that when a motion to compel is granted in part and denied in part, the court may apportion expenses).