**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANTHONY ALLEN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>MILL-TEL, INC.,<br><br><br><br>*Defendant.* | Case No. 11-1143-EFM-KGS |

**MEMORANDUM AND ORDER**

Mill-tel Inc. ("Defendant") is a company that provides cable installation services to telecommunications companies by installing services in end-user consumers' homes. Anthony Allen, Michael Knight, and Byron Richard, on behalf of themselves and all others similarly situated ("Plaintiffs"), are previous or current employees of Defendant. Plaintiffs brought this collective action against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA") and Kansas Wage Payment Act ("KWPA"), alleging that Defendant improperly deducted Plaintiffs' compensation and failed to pay overtime compensation. Plaintiffs move for conditional certification of their class, and make additional requests regarding notice, class counsel, and estoppel. Defendant moves to preclude certain Plaintiffs from seeking certification of certain FLSA and KWPA claims, based on previously-executed releases. With the caveats described below, the Court grants

Plaintiffs' motion for conditional certification and denies Defendant's motion to preclude Plaintiffs' claims.

## I.     Background

Plaintiffs' present claim is that Defendant fails to pay its Installation Technicians overtime. Two similar cases preceded this one.[1] In both cases, the plaintiffs alleged that Defendant did not pay its Installation Technicians straight time compensation and overtime premiums for hours worked in excess of forty hours in a workweek, in violation of the FLSA  Both cases eventually resulted in settlements. Defendant requests that the Court take judicial notice of the settled cases and the documents filed in them. Plaintiffs do not oppose the request. "[A] court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases."[2] Here, the cases in question appear to be closely-related to the present action, and the Court accordingly takes judicial notice of them.

At the time of the *Smith* case, Defendant classified its Installation Technicians as independent contractors; therefore, Defendant did not maintain accurate time records and did not pay overtime premiums for hours in excess of forty in a workweek. After *Smith* settled, Defendant changed its policy and classified the Installation Technicians as employees. In the *Price case,* the plaintiffs claimed that Defendant continued to violate the FLSA by refusing to permit the Installation Technicians to record more than forty hours worked in a workweek. Those claims were settled in the *Price* settlement. The present Plaintiffs now request certification of a class composed of FLSA

---

[1] *Smith v. Mill-Tel, Inc.,* No. 08-2016 (D. Kan.); *Price v. Mill-Tel, Inc.,* No. 08-2513 (D. Kan.).

[2] *Hutchinson v. Hahn*, 402 Fed. Appx. 391, 394-95 (10th Cir. 2010) (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979)).

claims for only those Installation Technicians who did not opt into either of the prior cases, or whose release is not effective to part of the relevant time period. They also request certification of KWPA claims for all Installation Technicians, regardless of whether they opted into the prior settlements. Defendants oppose this request, and state that both FLSA and KWPA claims were completely released as to all the Plaintiffs who opted into the *Smith* and *Price* cases.

*a.     Smith Settlement Language*

In the *Smith* settlement, the Collective Action Settlement Notice included a section entitled "What am I giving up to receive a payment?", which stated:

> By accepting payment, you agree that you have waived and released the Released Parties from all Released Claims, as defined in the Settlement Agreement and in this Notice, and that you are bound by the confidentiality and public comment obligations, as set forth in the Settlement Agreement, and in this Notice.
>
> "Released Claims" means any and all wage and hour and wage payment claims of whatever nature, which a Collective Class Member may have against any of the Released Parties, whether known or unknown, as a result of actions or omissions during the period from January, 2005, through August 27, 2008, whether under federal, state, and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the Fair Labor Standards Act, as amended, including any and all claims for unpaid overtime, liquidated damages, unpaid wages, deductions, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, and other alleged wage and hour violations.
>
> "Released parties" means Mill-Tel, its parent and affiliated companies, and in the case of all such entities, their respective officers, directors, attorneys, agents, representatives, employees, successors, assigns, and insurers.[3]

---

[3] Executed Affidavit of Mailing Notices of Settlement to Collective Class Members, *Smith v. Mill-Tel, Inc.,* No. 08-2016 (D. Kan. Oct. 24, 2008), ECF No. 43, pg. 6.

*b.     Price Settlement Language*

In the *Price* settlement, the Stipulation of Settlement defined "Released Claims" as:

[A]ny and all claims, causes of action, demands, right or liabilities related to claims for violations of the FLSA, that have been asserted during the Settlement Class Period in this or any other form by or on behalf of the Representative Plaintiff, the Settlement Class, or any Settlement Class Member based on or related to their compensation for employment with either of the Settling Defendant, along with any other claims, causes of action, demands, rights or liabilities related to claims for violations of any other wage and hour laws.[4]

"Settlement Class" was defined as:

[A]ll persons (i) who filed a Notice of Consent to Join the Litigation and who were employed by Mill-Tel in the position of Cable Service Installer any time from August 28, 2008 to April 30, 2010 and who validly execute a general release of all claims, which release shall be substantially in the form contained in Exhibit #3 hereto; or (ii) who have not filed a Notice of Consent to Join the Litigation and who were employed by Mill-Tel in the position of Cable Service Installer any time from August 28, 2008 to April 20, 2010, and who validly execute 'Request to Join Action and Release of All Claims" form and a "Claim for Settlement Payment" form in the forms attached here to as Exhibits #2 and #3.[5]

The court approved the Stipulation of Settlement, and a notice of settlement was distributed to the class members. The notice included a document entitled "Request to Join Action and Release of All Claims," which participating plaintiffs completed. The "Request to Join Action and Release of All Claims" included the following release language:

In consideration of the payment I receive pursuant to the settlement of this Lawsuit, I release and discharge forever the Released Parties of and from all action, demands, costs, expenses and damages that I had, have or may have against the Release Parties during the period from August 28,2008, through the date of this

---

[4] Doc. 119, p. 4.

[5] *Id.*

> Court's order approving my payment which are related in any way to the Fair Labor Standards Act claim asserted in the Lawsuit by me or by Representative Plaintiff Justin Price purportedly on my behalf for payment of overtime or other wages under the Fair Labor Standards Act, along with any other claims, causes of action, demands, rights or liabilities related to claims for violations of any other wage and hour laws.
>
> I agree not to file any claim, charge, action or cause of action against the Released Parties with respect to any overtime violations that relate to any claim that I have released herein.
>
> By releasing the claims described above, I do not waive (a) any claims that cannot be waived as a matter of law, (b) any rights or claims that may arise after the date of the Court's order approving my payment in this action, or (c) my right to take any legal action that may be necessary to enforce the terms of the settlement.[6]

## II. Release of Claims

*a.   Defendant moves to preclude Plaintiffs' claims. Defendant argues that the Smith and Price settlements released the KWPA claims of the opt-in plaintiffs there, in addition to their FLSA claims.*

Defendant argues that FLSA claims may be compromised or settled in one of two ways—either under the supervision of the Secretary of Labor of unpaid wages, or through district court approval of a settlement. Defendant contends that the *Smith* and *Price* settlements constitute a release of claims by the latter method, and that those Plaintiff who opted in to those settlements released both their FLSA and KWPA claims. In response, Plaintiffs conceded that while they did release FLSA claims, they could not have released their KWPA claims because Plaintiffs did not assert KWPA claims in those cases. In support, Plaintiffs cite K.S.A. § 44-321—a portion of the KWPA—that provides, "Except as provided in K.S.A. 44-324, no provision of, or any right created

---

[6] Doc. 27-5, p. 24.

under this act may in any way be contravened, set aside or waived." The relevant portion of K.S.A. § 44-324 states:

> (a) Any proceeding by one or more employees to assert any claim arising under or pursuant to this act may be brought in any court of competent jurisdiction.
>
> (b) Whenever the secretary determines under K.S.A. 44-322a, and amendments thereto, that an employee has a valid claim for unpaid wages and determines that the amount of the claim is less than $10,000, the secretary, upon the written request of the employee, shall take an assignment of the claim in trust for such employee and shall take action appropriate to enforce or defend such claim. Whenever the secretary determines under K.S.A. 44-322a, and amendments thereto, that an employee has a valid claim for unpaid wages and determines that the amount of the claim is equal to or greater than $10,000, the secretary, upon the written request of the employee, may take an assignment of the claim in trust for such employee and if the assessment is taken, shall take action appropriate to enforce or defend such claim. With the written consent of the assignor, the secretary may settle or adjust any claim assigned pursuant to this subsection. Whenever the secretary takes an assignment of a claim in trust for an employee under this section, the secretary shall charge and collect a fee therefor which fee shall be fixed by rules and regulations adopted by the secretary. The fee fixed by rules and regulations shall be in an amount of not more than $25 per claim assigned under this section.

Therefore, Plaintiffs argue that the KWPA claims can only be disposed of by asserting a KWPA claim in a court of competent jurisdiction, or by approval of the Secretary of Labor—not through a mere release in a prior suit alleging FLSA claims.

Defendant argues that federal courts regularly approve FLSA settlements that dispose of KWPA claims. Defendant cites the following cases in support: (1) *Peterson v. Mortgage Sources, Corp.*,[7] a case in which the District of Kansas approved a settlement disposing of KWPA claims

---

[7] 2011 U.S. Dist. LEXIS 95523 (D. Kan. Aug. 24, 2011).

where Plaintiffs brought both FLSA and KWPA claims; (2) *Payson v. Capitol One Home Loans*,[8] in which the Plaintiffs brought KWPA claims and the Court approved a settlement disposing of them; and (3) *Dorner v. Polsinelli, White, Vardeman & Shalton*,[9] in which the District of Kansas granted summary judgment on the issue of whether a plaintiff's release which waived wage claims, signed before she brought suit, precluded her from bringing a KWPA claim. Plaintiffs distinguish the first two cases on the bases that KWPA claims were actually alleged, and that those cases therefore fall under K.S.A. § 44-324(a). As for the third case, *Dorner*, Plaintiffs claim that the case is merely a historical particularity because the court there ignored K.S.A. § 44-324 in whole.

The Court is unpersuaded by Defendant's broad statement that "this Court routinely approves settlements containing releases of KWPA claims."[10] Indeed, the Court was unable to find a single case approving such a settlement—none addressed the import of K.S.A. § 44-324 under circumstances where an FLSA release was wielded as a weapon to validly release KWPA claims, and where KWPA claims were not specifically alleged in the complaint.[11] Absent such authority, the Court will not find that Plaintiffs' claims are barred. Instead, the Court will adhere to a plain construction of the statute. Because KWPA claims were not specifically brought in either the *Price* or *Smith* action or pursued by the Secretary of Labor—as required by K.S.A. § 44-324—the Court

---

[8] 2009 U.S. Dist. LEXIS 88468 (D. Kan. Sept. 24, 2009).

[9] 856 F.Supp. 1483 (D. Kan. 1994).

[10] Doc. 27, p. 7.

[11] *Dorner* is the only case Defendant (or the Court) could find where KWPA claims were released but were not brought in a complaint first, and even that case did not address the circumstances at issue here. The release in that case was signed before suit was ever brought. Further, *Dorner* focused on the release of FLSA retaliation claims.

finds that they were not waived in those settlements. Defendant's motion to preclude is denied.[12]

### III. Class Certification

*a.   The "similarly situated" standard for conditional certification under the FLSA is a lenient one that the remaining Plaintiffs meet.*

Plaintiffs seek conditional certification of a class of "all Installation Technicians and other persons with similar job duties and compensation structures, employed by [Defendant] within three years from the date of certification, to the present, who were not paid all minimum wages and overtime compensation due and owing."[13] Conditional certification of a class under the FLSA requires that the employee bringing the action be "similarly situated" to other members of the putative class.[14] "Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination."[15] Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[16] "[T]he Court simply decides whether a collective action should be certified for purposes of sending notice of the action to potential class members."[17] That determination requires "nothing more than

---

[12] The Court notes that Plaintiffs do not seek to assert FLSA claims for those Installation Technicians who opted into either of the prior cases, or whose release is not effective to part of the relevant time period. Plaintiffs concede that the prior opt-in Plaintiffs whose releases are effective to the time period are precluded from bringing further FLSA claims. Therefore, the portion of Defendant's motion relating to FLSA claims is moot.

[13] Doc. 58, p. 3.

[14] 29 U.S.C. § 216(b).

[15] *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001).

[16] *Bishop v. Heartland Services, Inc.,* 242 F.R.D. 612, 613 (citing *Thiessen*, 267 F.3d at 1102).

[17] *Hobbs v. Tandem Envtl. Solutions, Inc.,* 2011 WL 484194, at *1 (D. Kan. Feb. 7, 2011) (citing *Brown v. Money Tree Mortg., Inc.,* 222 F.R.D. 676, 679 (D. Kan. 2004)).

substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[18]

"The standard for certification at the notice stage is lenient and typically permits conditional certification of a representative class."[19] This is, at least in part, due to the fact that the Court has minimal evidence at this stage.[20] The Court may choose to consider only pleadings and affidavits filed by the Plaintiff to evaluate whether the Plaintiffs have made "substantial allegations," because it is not yet at the evidence-weighing stage.[21] The Court employs a more stringent "similarly situated" standard after the parties have completed discovery.[22]

Defendant argues that Plaintiffs are unable to establish a single decision, policy, or plan that is sufficient to meet this standard because Defendant changed its policy regarding pay and classification of Installation Technicians over the class period. The Court disagrees, and finds that the Plaintiffs made the required showing for the "notice stage." Plaintiffs made substantial allegations that Defendant engaged in a pattern of behavior whereby its "Installation Technicians [were] not being paid straight time compensation and overtime premiums for hours worked in excess of forty hours in a workweek in violation of the FLSA."[23] This allegation is enough to show that

---

[18] *Bishop,* 242 F.R.D. at 614 (internal citations omitted).

[19] *Hobbs,* 2011 WL 484194, at *1.

[20] *Bishop*, 242 F.R.D. at 614.

[21] *Geer v. Challenge Fin. Inv. Corp.,* 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (referencing *Brown,* 222 F.R.D. at 680).

[22] *Id.*

[23] Doc. 58, p. 6.

Plaintiffs were together the victims of a single decision by Defendant—the refusal to pay overtime to its installation technicians. Such a decision is sufficient to find that the Plaintiffs are "similarly situated" for purposes of the notice stage of this collective action.[24] Thus, the Court conditionally certifies the class.

*b.    The class definition will include all Installation Technicians and other persons with similar job duties and compensation structures, employed by Defendant within three years from the date of certification, who were not paid all minimum wages and overtime compensation.*

Plaintiffs request that the class be defined to include "all Installation Technicians and other persons with similar job duties and compensation structures, employed by [Defendant] within three years from the date of certification, to the present, who were not paid all minimum wages and overtime compensation due and owing."[25] Typically, a two-year statute of limitations applies to FLSA actions under 29 U.S.C. § 255(a); however, the limitations period may be extended to three years when a plaintiff establishes that the FLSA violation is willful.[26] "[27] In their complaint and motion for conditional certification, Plaintiffs allege that Defendant's violation was willful.[28]

---

[24] *See Underwood v. NMC Mortg. Corp.*, 245 F.R.D. 720, 723 (D. Kan. 2007) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.") (internal citation omitted).

[25] Doc. 58, p. 3.

[26] 29 U.S.C. § 255(a).

[27] *Gambrell v. Weber Carpet, Inc.*, 2010 WL 5288173, at *2 (D. Kan. Dec. 17, 2010) (internal citations omitted).

[28] Doc. 1-1, p. 6; Doc. 58, p. 22.

Defendant argues that Plaintiffs fail to establish a willful violation of the FLSA, and that therefore the class should only be certified under the two-year limitations period. In support of this assertion, Defendant cites a case from the Southern District of Florida, which required that a plaintiff present specific facts supporting a willful violation.[29] The District of Kansas, however, does not require such a showing for notice. "Courts in this district appear to approve three-year notice periods based on concl[u]sory allegations of willfulness, and leave substantive willfulness determinations for later in the case."[30] Therefore, for the purposes of conditional certification and notice, the Court will define the class as Plaintiffs request.

**IV. Notice**

*a.     Content of Proposed Notice and Consent Form*

Plaintiffs propose a class notice that is modeled after the Federal Judicial Center's example posted on its website.[31] "Under the FLSA, the Court has the power and the duty to ensure fair and accurate notice, but it should not alter plaintiffs' proposed notice unless such alteration is necessary."[32] Defendant makes several specific objections to the proposed notice and consent form, which are addressed below.

1. Defendant objects that Plaintiff's reliance on the FJC model is inappropriate and requests that instead, the parties confer to arrive at an appropriate notice. The Court overrules this objection,

---

[29] *Cohen v. Allied Steel Buildings, Inc.*, 554 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008).

[30] *Gambrell v. Weber Carpet, Inc.,* 2010 WL 5288173, at *2 (D. Kan. Dec. 17, 2010) (internal citations omitted).

[31] Federal Judicial Center, http://www.fjc.gov (last visited July 10, 2012).

[32] *Lewis v. ASAP Land Exp., Inc.,* 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

as Plaintiffs' notice should not be altered unless such alteration is necessary.[33]  Further, this Court previously approved notices modeled after the FJC model in FLSA cases.[34]  Plaintiffs object to the Court requiring them to confer, and state that such a conference will not result in agreement on the issues stated.  Therefore, ordering the parties to confer would be futile.

2. Defendant argues that the introductory language of "YOU HAVE UNTIL _____, 2012 TO RESPOND TO THIS NOTICE" should be amended to, "If you choose to participate in this lawsuit, you must file a consent form by _____, 2012.  If you do not wish to be a part of the lawsuit, you do not need to do anything."[35]  The Court overrules this objection.  Immediately following this line, the notice adequately describes Plaintiffs' options.

3. Defendant argues that the first bullet point should state that "Michael Knight and Byron Richard have sued Mill-Tel, Inc.," not that "'Installation Technicians' have sued Mill-Tel, Inc."[36]  The Court overrules this objection because it is not an inaccurate statement.  Knight and Richard have sued on behalf of all Installation Technicians, and this is thoroughly explained later in Section 3 of the notice.

4. Defendant objects to Section 13, which is currently entitled "What happens if I do nothing at all?"  Defendant requests that it should be titled, "To Stay Out of the Lawsuit."  Defendant specifically objects to language such as, "You'll have to hire and pay your own lawyer for that

---

[33] *Id.*

[34] *See, e.g., Hadley v. Wintrust Mortg. Corp.,* 2011 WL 1118774, at *3 (D. Kan. Oct. 3, 2011); *Sanchez v. Creekstone Farms Premium Beef, LLC,* 2012 WL 380279, at *2 (D. Kan. Feb. 6, 2012).

[35] Doc. 71, p. 14.

[36] *Id.*

lawsuit, and you'll have to prove your claims."[37] Defendant argues that such language suggests that it might be more expensive for a Plaintiff to hire his own lawyer than to opt-in to the class. The Court finds that Defendant's concerns can be addressed by changing this language to, "You'll have to retain your own lawyer for that lawsuit, and you'll have to prove your claims."[38] The rest of the section is appropriate; therefore, the objection is sustained in part and denied in part.

     5. Defendant objects to Section 14 because it states that Defendant has promised not to take any action against those who participate in the lawsuit and that additional damages may be in order, should Defendant do so. The Court overrules the objection as to the portion regarding additional damages, as this is a fair statement of the law. As to the portion regarding Defendant's "promise," the Court agrees that this is an inaccurate statement and sustains Defendant's objection in part. The Court orders that the Section 14 language be changed to, "Federal law prohibits Mill-Tel, Inc. from taking adverse action against persons because they have exercised their rights under the FLSA to participate in this lawsuit. You are entitled to additional damages should a court determine Mill-Tel, Inc. took any action against you for joining this lawsuit."

     6. Defendant objects to Section 15, which describes the obligations of an opt-in Plaintiff. The Court agrees that it is reasonable and necessary to include language informing Plaintiffs that travel for depositions and trial may be required, and therefore sustains this objection in that respect.[39]

---

[37] *Id.*

[38] *See Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *9 (D. Kan. Mar. 28, 2011) (finding that defendant's similar concern may reasonably be addressed by the substitution of "retain" for "pay.")

[39] *See Hadley*, 2011 WL 1118774 at *3 (finding that because Defendant had multiple offices throughout the country, it was reasonable and necessary to include language informing putative plaintiffs of the possibility for travel).

The Court orders that Section 15's language be revised as follows, "The lawyers will handle most of the presentation of the case. While this suit is pending, however, you may be required to submit documents and written answers to questions and to testify under oath at a deposition, hearing, or trial—for which travel may be required."[40]

7. Defendants also object to portions of Sections 16 and 17 regarding the class counsel. The Court overrules these objections in part. The Court sustains them with respect to the portion admonishing a Plaintiff will have to pay for his own lawyer. The word "pay" should be replaced with the word "retain" as described with respect to objection number 4.

8. Defendant objects to the notice on the basis that it should inform Plaintiffs of their potential liability for costs. The Court sustains this objection, as this "district has held that such language is appropriate because '[a]n award of costs to a prevailing defendant in an FLSA case is clearly possible.'"[41] Plaintiffs are directed to include the following language: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."[42]

9. Defendant objects to the notice on the basis that it should include contact information for Defendant's counsel. The Court overrules this objection because Defendant failed to offer a reason that necessitates the inclusion of defense counsel's information.[43]

---

[40] *See Wass*, 2011 WL 1118774, at *10 (finding that it is reasonable to inform potential class members that travel may be required).

[41] *Hadley,* 2011 WL 1118774, at *4 (internal citation omitted).

[42] *See Wass*, 2011 WL 1118774, at *8 (employing similar language).

[43] *Id.*

10. Defendant also objects to Plaintiffs' proposed consent form, stating that it should more explicitly disclose that the named plaintiffs will be agents for the opt-in plaintiffs. Defendant offers no authority for this position, and the Court finds that the consent provides ample information in this regard. Therefore, Defendant's objection is overruled.

*b.    It is appropriate for the Court to require Defendant to provide Plaintiffs with the names, addresses, and telephone numbers of each of the class members in an easily malleable format to assist with the issuance of class notice.*

Plaintiffs request the names, addresses, telephone numbers, dates of employment, location of employment, last four digits of the individual's social security number and dates of birth to assist with the issuance of notice. They request that it be provided in an electronic and importable format, such as Microsoft Excel, within ten days of the issuance of this Order.

Plaintiffs' request for information regarding the class members is made pursuant to Rule 34 of the Federal Rules of Civil Procedure, and is not uncommon at this stage in collective actions.[44] Plaintiffs request this information to allow for locating class members whose addresses are no longer valid. As for the putative plaintiffs' names, addresses, and telephone numbers, this Court and other courts have found that "such information 'may be useful for locating . . . employees.'"[45] Defendant does not explain why such assistance is inappropriate. The Court orders Defendant to provide Plaintiff with names, addresses, and telephone numbers of each of the class members in an easily

---

[44] *Hobbs,* 2011 WL 484194, at *1;  *Hadley v. Wintrust Mortg. Corp.,* 2011 WL 4600623, at *4 (D. Kan. Oct. 3, 2011).

[45] *Hadley*, 2011 WL 4600623, at *4 (citing *Wass. v. NPC Int'l., Inc.,* 2011 WL 1118774, at *12 (D. Kan. March 28, 2011)).

malleable format within ten days of the issuance of this Order.  Plaintiffs are directed to limit their use of the phone numbers only to verify the mailing addresses of putative plaintiffs.[46]

As for Plaintiffs' request for social security numbers and dates of birth, the Court is unpersuaded that it is appropriate to order such personal information be provided at this stage in litigation.  "Most courts addressing the issue have applied a balancing test of the conflicting interests. In general, courts apply a balancing test weighing the plaintiffs' need for social security numbers to facilitate notification of the FLSA action against the privacy interests of the putative class members."[47]  If Plaintiffs find that they are unable to locate potential class members using names, telephone numbers, and addresses, they should make an appropriate motion detailing their need for the more private information.

*c.    Defendant is not ordered to post the approved notice.*

Plaintiffs request that the Court require Defendant to post the approved notice "where the employees are employed and in other conspicuous locations where Installation Technician employees work and congregate."[48]  Defendant objects to this request, stating that Plaintiffs have not established the necessity for such a notice.  The Court agrees, and finds that requiring such a posting would be cumulative and overreaching in the present case.[49]

---

[46] *Hadley,* 2011 WL 4600623, at *4 (giving similar limitation).

[47] *Gieseke v. First Horizon Home Loan Corp.*, 2007 WL 445202, at *4 (D. Kan. Feb. 7, 2007).

[48] Doc. 58, p. 24.

[49] *See Hadley,* 2011 WL 4600623, at *4 (finding that posting would likely not reach more employees than a mailing).

## V.       Tolling the Statute of Limitations

Plaintiffs also request that the Court "enter an order tolling the limitations period applicable to the FLSA claims of individuals that ultimately opt-into this action during the pendency of this motion."[50]  Plaintiffs offer no support for this request, and Defendant vehemently opposes it.

The District of Kansas previously considered the issue of equitable tolling as it relates to FLSA actions.[51]  The court required active deception as a pre-requisite to tolling the statute of limitations, with certain factors to consider.[52]  Plaintiffs have not alleged active deception, nor alleged facts for the Court to consider the applicability of the equitable tolling factors.  Therefore, Plaintiffs' request to toll the statute of limitations is denied.

**IT IS ACCORDINGLY ORDERED** that Defendant's motion to preclude Plaintiffs from seeking certification of certain FLSA and KWPA claims (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for conditional certification (Doc. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' proposed notice is approved with the changes stated above; that Defendant provide Plaintiffs with names, addresses, and telephone numbers of each of the class members in an easily malleable format, such as Microsoft Excel, in order to assist with the issuance of class notice within ten days of this order; that Michael Knight and Byron Richard are approved as class representatives; and that Plaintiffs' counsel is approved as class

---

[50] Doc. 58, p. 22.

[51] *Smith v. BNSF Ry. Co.*, 246 F.R.D. 652, 654-55 (D. Kan. 2007).

[52] *Id.*

counsel in this matter.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2012, in Wichita, Kansas.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE